[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The underlying case concerns a foreclosure action brought by the plaintiff, GE Capital Mortgage Services, Inc. ("the plaintiff") against the defendant, Miklos Geri ("the defendant"). The plaintiff has now moved for partial summary judgment as to the liability of the defendant on the underlying note. The pro se defendant has filed an "objection to motion for summary judgment."
For the reasons set forth below, the court finds that the defendant's objection is without merit and that the plaintiff is entitled to summary judgment as to the liability of the defendant on the underlying note.
In support of the motion for summary judgment, the plaintiff has attached copies of the original note and mortgage, a copy of CT Page 10109 the assignment of that note from the original holder to the plaintiff, a copy of a letter of default and demand for payment sent to the defendant as well as an affidavit from Kathy Windsor, an assistant vice-president with the plaintiff. In the affidavit, the affiant attests that she is familiar with the records in regards the defendant's mortgage and attests as to the outstanding debt therein.
The defendant's objection to the motion for summary judgment, written in affidavit form, alleges that the affidavit makes no sense, is based on hearsay, does not specify where it was signed, and contains other errors in form or substance. The defendant also argues that he previously filed for Chapter 7 Bankruptcy and received a discharge of the debt and questions whether the plaintiff owns the note.
The defendant's arguments do not raise any questions of material fact that would preclude the granting of a partial summary judgment in favor of the plaintiff. For one, the affidavit of Kathy Windsor clearly states that it is based on the personal knowledge of the affiant. As such, it is not hearsay, but rather competent evidence and may be used for purposes of summary judgment. See Practice Book § 381, now Practice Book (1998 rev.) § 17-46. The affidavit is notarized and the fact that it does not specify the exact city or town where signed[1]
does not remove the affidavit from outside the scope of competent evidence. Moreover, there is no question of fact as to the present ownership of the note. The plaintiff has shown that the note was previously assigned to the plaintiff and has included a copy of that assignment with its motion for summary judgment. The fact that the defendant asserts that there is a question of fact as to ownership does not, without any proof as to that claim, refute the evidence offered by the plaintiff.
Finally, the defendant's allegation that he was previously discharged in bankruptcy does not create a question of fact that would preclude the present motion for summary judgment. A majority of cases have held that "the bankruptcy code and its legislative history plainly establish that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. . . ." (Citations omitted; internal quotation marks omitted.) Shawmut Bank v. Brooks DevelopmentCorp. , 46 Conn. App. 399, 410, 699 A.2d 283 (1997). A valid lien[2] is not affected by a discharge in bankruptcy. "The discharge in bankruptcy does not extinguish the underlying debt. CT Page 10110 It only prevents the debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts to in rem actions against property subject to a valid pre-bankruptcy lien guaranteeing payment of the debt. . . ." (Citations omitted; internal quotation marks omitted.) Id. Thus, the defendant's argument that he was previously discharged in bankruptcy does not serve as a valid defense to the present motion. See also Churchill Mortgage Investment Corp. v. Pacific, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330772 (June 3, 1997, West, J.).
Since the defendant has failed to raise any genuine issues of material fact concerning the underlying note, the plaintiff is entitled to a partial summary judgment as to the defendant's liability. The plaintiff's motion for summary judgment is granted.
The Court
By
Curran, J.